**Howard YATES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 31, 1964.

John B. Breckinridge, Atty. Gen., Ronald M. Sullivan, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Appellant, Howard Yates, is here, *in forma pauperis,* asking reversal of adverse ruling by McCracken Circuit Court on his RCr 11.42 motion to vacate a judgment of that court. wherein he was convicted of voluntary manslaughter and sentenced to imprisonment for 21 years. In the motion he asserted three grounds upon which he deems himself entitled to have the volun-

tary manslaughter conviction set aside: (1) newly discovered evidence, (2) incompetence of a prosecuting witness because of drunkenness of the witness at the trial, and (3) misconduct of some of the jurors. These same points are urged here as grounds for reversal of the judgment overruling the RCr 11.42 motion.

The judgment convicting Yates of voluntary manslaughter was entered December 11, 1962, in McCracken Circuit Court. The motion to vacate was filed in the same court on July 15, 1963, while Yates was a prisoner at Eddyville.

The allegedly newly discovered evidence consists of this: another inmate of the Eddyville penitentiary, O. L. Dudley, testified at the RCr 11.42 hearing that about April 1, 1963 (after the conviction of Yates), he heard Adam Scribner say to Albert Lofton, "I'll bust your damn brains out just like I did Bill Cole's."[1] The witness, Dudley, did not communicate this information to Yates until June 28, 1963, which was the date Dudley entered Eddyville as a fellow prisoner of Yates.

It may be noted that RCr 10.06 permits motion for new trial on the ground of newly discovered evidence within one year after the entry of the judgment or at a later time if the court for good cause so permits. We treat the instant motion as if made pursuant to RCr 10.06 in respect to the "newly discovered evidence" facet.

■ There was no showing concerning the availability of Adam Scribner. Obviously, the testimony of Dudley recounting the statement of Scribner was hearsay. Such proffered testimony is not newly discovered evidence; it is not evidence at all. The testimony could not have been offered upon the original trial, assuming that it had been available at that time. Clearly, it is not proper basis for a new trial under

RCr 10.06 or 11.42. See 20 Am.Jur. 428, Evidence, § 495, wherein it is said:

"According to the overwhelming weight of authority, a confession on the part of a third person that he committed the crime which the defendant is charged with having committed, even though it is made in expectation of imminent death or by a person jointly indicted with the accused, is not admissible as substantive evidence tending to exculpate the accused where the confession does not constitute a part of the res gestae. The reason given by the courts for excluding such evidence is that it is hearsay."

It is appropriate to observe that some authorities take the position that such extra-judicial admissions by a stranger to the trial may be admitted, despite the hearsay rule, in those instances in which the declarant has become unavailable to the processes of the court. Sec 20 Am.Jur. 429, Evidence, § 495. However this may be (and we do not decide the point), in the case before us there was no showing as to whether Adam Scribner was available to testify; neither can it be conclusively said that his purported statement specifically relates to the homicide of the victim, Bill Cole. For these reasons there is no merit in the newly discovered evidence phase of the motion.

One of the prosecution's witnesses in the homicide trial was Robert Sanderson. Appellant asserts that at the time of the trial Sanderson was drunk; he offered evidence to the effect that Sanderson was observed drinking some liquid—assumed to be an intoxicant—at intervals while the trial was in progress and before Sanderson testified. Appellant does not point out any portion of Sanderson's testimony which he claims was befogged by alcohol. No instance of incoherence is suggested. Indeed, we have the bare claim by one witness that he saw Sanderson drink something under circumstances suggesting it was an intoxicant.

[1]. Bill Cole was the victim of the homicide for which Yates had been convicted.

The witness professed long standing acquaintance with Sanderson, and of Sanderson's propensities toward intoxication, deposed: "I have known him all his life and I ain't never seen him no other way."

The circuit court clerk testified that he heard Sanderson's evidence; that Sanderson was not drunk, but was coherent and appeared aware of all circumstances. The trial judge who tried the homicide case and presided at the RCr 11.42 hearing noted that during the homicide trial objection was made to Sanderson's evidence, which was overruled. This question then became one which could have been reached by appeal. The failure of appellant to avail himself of the right of appeal precludes his attack on the competency of Sanderson. See Owen v. Commonwealth, 181 Ky. 257, 204 S.W. 162.

The final point argued for appellant is alleged misconduct of some of the women who served on the jury which convicted him. We are loath to dignify the point with discussion. Appellant offered witnesses who said they saw two of the women on the jury enter the rest room during a recess of court while the trial was in progress. Then, two women, spectators at the trial, entered the rest room while the jury members were there; and as the spectators entered, one of them was heard to say, "Howard Yates." There were five women on the jury; all testified that no person discussed the case with them during the course of the trial, in the rest room or anywhere else.

It is significant that appellant offered his own mother, who testified that she was apprised of this alleged misconduct of the women on the jury nearly simultaneously with its purported happening. Appellant testified that his mother and sister did not advise him of the event until six months later. However this may be, there is no showing of any misconduct on the part of any juror, nor of any effort by any person to tamper with the jury or any member of it.

We entertain substantial doubt that any of the complaints here asserted by appellant properly fall within the purview of RCr 11.42, nor is this opinion to imply that this court so construes that rule. Inasmuch as the case is here, at least on the point of alleged newly discovered evidence under RCr 10.06, we have disposed of the entire matter on the merits.

The judgment is affirmed.