**John Henry WARNER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1964.

John Henry Warner, pro se.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Approximately twenty years ago appellant was convicted as an habitual criminal and sentenced to life imprisonment. He commenced this proceeding under RCr 11.42 on the ground that the indictment under which he was tried was in certain respects defective. The trial court appointed a lawyer to represent him and investigate the record. After the lawyer's report, the circuit court overruled appellant's motion to vacate the judgment.

It is questionable that there were any defects in the indictment. Assuming there were, they have long since been waived by failure to question the indictment in a proper and timely manner. Davis v. Commonwealth, 279 Ky. 127, 129 S.W.2d 1030. Aside from waiver, defects in an indictment will not support a collateral attack upon a judgment of conviction. See

Department of Public Welfare v. Polsgrove, 250 Ky. 517, 63 S.W.2d 603; Harrod v. Commonwealth, Ky., 253 S.W.2d 574. Having asserted no grounds which would authorize or justify relief under RCr 11.42, the court properly overruled appellant's motion to vacate the judgment. See Yates v. Commonwealth, Ky., 375 S.W.2d 271; Tipton v. Commonwealth, Ky., 376 S.W.2d 290; Oakes v. Gentry, Ky., 380 S.W.2d 237; Jennings v. Commonwealth, Ky., 380 S.W. 2d 284.

The judgment is affirmed.