**William C. BUTCHER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Kenneth H. Smee, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from an order overruling appellant's application for relief under RCr 11.42.

Appellant was convicted of armed robbery on April 28, 1964. He now contends that the trial court did not advise him of his right to appeal as required by RCr 11.02(2). This section of the Rules of Criminal Procedure has no retroactive effect and there was no comparable rule in effect in this jurisdiction at the time of appellant's conviction. RCr 11.02(2) is an adaptation of the Federal Criminal Rule 32(a). The federal courts have not given retroactive effect to that rule. See Carr v. United States, 28 F.Supp. 236 (D.C., Ky., 1939).

Appellant further contends that his in-court identification was tainted by a prior identification made in a lineup, and that he was not represented by counsel at the line-

up. The cases upon which he relies are not effective retroactively. See Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Bradley v. Commonwealth, Ky., 439 S.W.2d 61 (1969).

We are of the opinion that appellant's in-court identification raised only an evidentiary and not a constitutional issue. Since he did not object at the time of the trial, his rights are now waived. See Yates v. Commonwealth, Ky., 375 S.W.2d 271 (1964).

Judgment affirmed.

All concur.