Lester **KING**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**MELWOOD DEVELOPMENT, INC., et al.,
Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1972.

Lester King, pro se.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

## PER CURIAM.

Appellant is serving a sentence of life imprisonment pursuant to a conviction by the Muhlenberg Circuit Court in 1940 for wilful murder. This is his second RCr 11.42 application for relief. See King v. Commonwealth, Ky., 408 S.W.2d 204 (1966). This time he advances new grounds, of which he says he did not know at the time of his first RCr 11.42 proceeding. One is that although he had counsel retained by his mother he was not advised of his right of appeal, and the other is that counsel was not present at the time he was formally sentenced.

There was no requirement in 1940 that a defendant in a criminal case be affirmatively advised of the right of appeal. The lawyer who represented King at that time has been dead for many years. It is too late to claim now that he did not advise him of his rights. RCr 11.02(2) will not be given retroactive effect. Butcher v. Commonwealth, Ky., 473 S.W. 2d 114 (1971).

The absence of counsel at the formal sentencing (if he was absent) is immaterial. Thomas v. Commonwealth, Ky., 437 S.W.2d 512, 514 (1969).

The judgment is affirmed.

All concur.