**Maxwell OLIVER, Petitioner-Appellee,**

v.

**Henry E. COWAN, Superintendent, etc., Respondent-Appellant.**

**No. 73-1474.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1973.

Decided Nov. 21, 1973.

James M. Ringo, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellant. Ed W. Hancock, Atty. Gen. of Ky., G. Edward James, Asst. Atty. Gen., Frankfort, Ky., on brief.

Curtis L. Wilson, Lexington, Ky., (Court-appointed), for petitioner-appellee.

Before EDWARDS and LIVELY, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order granting habeas corpus relief to a prisoner who is serving a life sentence imposed by a jury following a plea of guilty. Upon indictment for willful murder, Maxwell Oliver pled guilty with the assistance of appointed counsel on January 21, 1959. Under Kentucky procedure the jury fixed the punishment in criminal cases and was permitted in this case to decree either death or life imprisonment. On the same day that the jury verdict was received, the court passed formal sentence of life imprisonment in the absence of counsel for Oliver. The question presented is whether, under the circumstances of this case, formal sentencing was a critical stage in the criminal proceedings at which the defendant was entitled to the assistance of counsel.

Under the code of criminal practice in effect in Kentucky in 1959 the court was permitted to enter judgment immediately in cases involving guilty pleas while being required to wait two days before rendering judgment in other cases. Kentucky Criminal Code, Section 283; Sorke v. Commonwealth, 271 Ky. 482, 112 S.W.2d 676 (1938). The Code did

not refer to sentencing, but prescribed certain procedures in connection with "rendering judgment" in criminal cases. References to "sentencing" and "pronouncing judgment" were held to have the same meaning in Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029 (1941).

The Criminal Code, § 284, provided that the judgment of the court should affix the degree of punishment to be inflicted as found by the verdict of the jury or fixed by law. Section 285 required the presence of the defendant at the time that judgment was rendered against him in cases of felony and § 286 provided, "When the defendant appears for judgment, he must be informed by the court of the nature of the indictment, his plea and the verdict thereon, if any; and he must be asked if he has any legal cause to show why judgment should not be pronounced against him." The next section of the Criminal Code, number 287, then provided causes which a defendant might impose to prevent the rendition of judgment against him. These included ". . . any sufficient ground for a new trial, or for arrest of judgment; [or] . . . that he is insane." Since Kentucky procedure required that he be asked at formal sentencing if he had any legal cause why sentence should not be pronounced, it would appear that the assistance of counsel would be required to advise the defendant if any of the causes set forth in Section 287 existed in his case.

In his brief, the respondent argues that the defendant would have had ample opportunity to present any reasons why judgment should not have been rendered in accordance with the verdict upon his motion for a new trial or for probation, quoting from McIntosh v. Commonwealth, Ky., 368 S.W.2d 331, 335 (1963). · In 1959 a person serving a life sentence in Kentucky was ineligible for probation pursuant to Kentucky Revised Statutes, § 439.020. On page 12 of his brief the respondent states, "A defendant could not make a motion for a new trial in a case where he has pleaded guilty." Thus the two opportunities for presenting reasons why judgment should not be rendered in accordance with the verdict were not available to the petitioner Oliver at a time subsequent to formal sentencing, which increased the importance of counsel at sentencing in his case.

Section 174 of the Criminal Code in effect in 1959 provided that the court could permit a plea of guilty to be withdrawn and a plea of not guilty substituted "[a]t any time before judgment." Certainly the presence of counsel would be required for an intelligent determination of whether a change of plea should be undertaken. Cf. Mempa v. Rhay, 389 U.S. 128, 136, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

In Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the Supreme Court held that a defendant in a criminal case ". . . requires the guiding hand of counsel at every step in the proceedings against him." 287 U.S. at 69, 53 S.Ct. at 64. Even though under the 1959 Kentucky procedure the judge did not determine the degree of punishment, we view formal sentencing as more than a mere ministerial ceremony in light of the possible steps available to the defendant at that proceeding.

Although Kentucky continues to require that the jury fix the degree of punishment, new Rules of Criminal Procedure were adopted in 1962 and the issue decided here has not been presented to this Court in a case tried under the new rules.

The judgment of the district court is affirmed. Upon remand an order will be entered granting the habeas corpus petition of Maxwell Oliver unless he is resentenced with either retained or appointed counsel present within 60 days from the entry of such order.