**Felt LEMASTER, Petitioner,**

v.

**Henry E. COWAN, Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Respondent.**

**Civ. A. No. 1766.**

United States District Court,
E. D. Kentucky,
Pikeville Division.

Jan. 2, 1974.

**378**

Felt Lemaster, pro se.

Ed Hancock, Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for respondent.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

The petitioner, who is presently incarcerated in the Kentucky State Penitentiary at Eddyville, Kentucky, has filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The United States Magistrate has filed his Report and Recommendation following initial review in accordance with 28 U.S.C. § 636(b).

The petitioner presents only one substantive issue to the Court. He contends that he was denied the presence and assistance of counsel at the imposition of sentence following his conviction in 1966 in the Johnson Circuit Court, Johnson County, Kentucky, of the offense of armed robbery. He alleges that final sentencing, even where the penalty has been fixed by a jury, is a critical stage of a criminal proceeding entitling the defendant to the presence of counsel. He further alleges that presentment of this issue to the Court of the Commonwealth of Kentucky would be futile inasmuch as there is a long line of Kentucky decisions which hold contrary to his contention. Consequently, he requests the Court to excuse the presentation of the issue to the Courts of the Commonwealth and entertain the petition on its merits.

 Under the provisions of 28 U. S.C. § 2254(b) and (c), this Court must decline to entertain any application for habeas corpus relief by a state prisoner unless it appears that the petitioner has exhausted his State Court remedies; that there are no available State Court remedies; or that there exists a set of circumstances which render any available State Court remedies ineffective to protect the petitioner's rights. The exhaustion doctrine, as codified, is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the Writ of Habeas Corpus as a swift and imperative remedy in all cases of illegal restraint or confinement. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In essence, the doctrine is one founded on the State comity, Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837

(1963), and designed to give the State Courts the initial opportunity to pass upon and correct alleged constitutional violations of its prisoners' rights prior to the intervention of the Federal District Courts. Picard v. Connor, *supra,* 404 U.S. at 275, 92 S.Ct. 509. The question to be resolved is not whether the Federal Court must or can entertain a particular petition, but, instead, whether the Court should entertain such an application. Fay v. Noia, supra, 372 U.S. at 420, 83 S.Ct. 822.

Although other Federal Courts have ruled that the district courts should excuse the exhaustion requirement when the decisions of the State Courts would strongly indicate that such exhaustion would be futile, Reed v. Beto, 343 F.2d 723 (5th Cir. 1965); Steadman v. Duff, 302 F.Supp. 313 (M.D.Fla.1969), those courts have excused exhaustion only in the face of a steadfast refusal by the State Courts to comply with established constitutional principles and where it was unlikely that the State Courts would not re-evaluate their stated position.

 The Court of Appeals of Kentucky has steadfastly held that formal sentencing is not a critical stage of the proceeding requiring the guiding hand of counsel. King v. Commonwealth, Ky., 487 S.W.2d 683, 684 (1972); Thomas v. Commonwealth, Ky., 437 S.W.2d 512, 514 (1969). However, this issue has not been presented to that Court subsequent to the recent decisions of the United States Court of Appeals for the Sixth Circuit in Ingram v. Cowan, 487 F.2d 1402 (6th Cir. Decided December 13, 1973); Devine v. Cowan, 487 F.2d 1402 (6th Cir. Decided December 6, 1973); and Oliver v. Cowan, 487 F.2d 895 (6th Cir. Decided November 21, 1973), where it was held in each instance that sentencing under the Kentucky Criminal Code, which antedated the current Rules of Criminal Procedure, was a critical stage of the criminal proceeding, and the defendant was entitled to representation of counsel at that time. Although the United States Court of Appeals expressly reserved judgment on the same issue in cases arising under the Rules of Criminal Procedure, such as the instant action, it would be unseemly to enter a judgment on the merits of the issue presented herein without first granting the Kentucky Court of Appeals the opportunity to re-examine its announced rule in light of the *Oliver* trilogy.

Accordingly, this Court must decline to entertain the present application, as a matter of discretion, until the petitioner has presented, or has made a good faith effort to present, his substantive claim to the Kentucky Court of Appeals.

The petitioner's application for a Writ of Habeas Corpus is denied. 28 U.S.C. § 2254(b) and (c).

This cause shall be, and the same hereby is, dismissed without prejudice, and stricken from the docket.