**Preston REAMS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1975.

Rehearing Denied June 6, 1975.

Anthony M. Wilhoit, Public Defender, Timothy T. Riddell, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., William W. Pollard, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Preston R. Reams appeals from the judgment of the Rockcastle Circuit Court in which his application to vacate a judgment of conviction was denied without an evidentiary hearing.

Reams urges that this court should reverse that ruling because he was not represented by counsel when the sentence was imposed.

In March 1952, Reams pled guilty to a charge of willful murder. A jury was impaneled, and fixed Reams' punishment at life imprisonment.

This is Reams' third RCr 11.42 motion to vacate the judgment. In his first motion, Reams alleged he was not represented by

counsel. The trial court overruled that motion because the record reveals that he was represented by Wiggins and Wiggins of Richmond, Kentucky.

In his second motion, Reams admitted that he was represented by Wiggins and Wiggins. In that motion, Reams contended that his attorneys coerced the guilty plea. He did not allege in what manner or form such coercion was made. That motion was overruled without a hearing. This court affirmed the action of the trial court.

On this appeal Reams relies on Oliver v. Cowan, 487 F.2d 895 (6th Circuit) 1973, which declared final sentencing in Kentucky a critical stage of the proceeding which required the assistance of counsel.

 The Commonwealth concedes error on the part of the trial court in overruling the motion to vacate. This court does not agree with that concession. It is the court's opinion that it is not bound by *Oliver* and does not accept the principles enunciated therein as sound in the absence of a showing of prejudice. To set aside a judgment upon such a technical ground without even an allegation that the defendant had a reason why it should not have been pronounced would, it seems to us, be absurd. In any event this court is of the opinion that this case is distinguishable from *Oliver*. The record in *Oliver* showed affirmatively that no attorney was present when he was sentenced. In this case, the record is silent and there is only Reams' allegation that counsel was not present at sentencing. In view of Reams' prior false admissions, the courts are not required to place any reliance on any assertion he makes. When a judgment of conviction stands unchallenged for more than 20 years, an allegation of a failure to meet due process requirements should be required to carry strong indications of credibility in order to warrant an evidentiary hearing.

This court finds no prejudicial error by the trial court in overruling the motion to vacate the judgment without an evidentiary hearing.

The judgment is affirmed.

All concur.