Joe David STEENBERGEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 6, 1976.

Jack Emory Farley, Public Defender, Joe A. Jarrell, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

On November 9, 1957, Steenbergen was indicted by a Butler County Grand Jury on a charge of malicious striking and wounding with intent to kill. On November 12, 1957, he waived trial by jury and entered a plea of guilty. By agreement of Steenbergen, his counsel, and the attorney for the Commonwealth, the trial court imposed a sentence of three years. Steenbergen was formally sentenced on November 16, 1957.

Steenbergen is presently serving a life sentence imposed on a subsequent convic-

tion in March 1971. That conviction was under the Kentucky Habitual Criminal Statute. KRS 431.190.

Steenbergen filed in the circuit court a motion and affidavit pursuant to CR 60.-02(6). In that motion, he sought to have the 1957 judgment vacated. The trial court overruled the motion. From that judgment Steenbergen appeals.

He argues that the 1971 conviction under the Kentucky Habitual Criminal Statute was based on the 1957 conviction. The 1957 conviction was void because the record failed to disclose that he had counsel at the formal sentence. Steenbergen seeks repose under the umbrella of *Oliver v. Cowan,* 487 F.2d 895 (6th Cir. 1973). There, the 6th circuit declared sentencing a critical stage of the proceeding requiring counsel.

█ This court has repeatedly and steadfastly held that formal sentencing is not a critical stage of the proceeding unless prejudice is shown. *King v. Commonwealth,* Ky., 487 S.W.2d 683 (1972); *Reams v. Commonwealth,* Ky., 522 S.W.2d 853 (1975).

█ This court has rejected the cloak of sanctity imposed by *Oliver.* In plain language not subject to misinterpretation, the court has held that the guiding hand of counsel is not required in formal sentencing procedures because it is not a critical stage of the proceeding. This is particularly so when the accused has shown no prejudice in order to be entitled to the relief sought. This court, in *Reams,* specifically rejected the application of *Oliver.* There the court stated:

"... that it is not bound by *Oliver* and does not accept the principles enunciated therein as sound in the absence of a showing of prejudice. To set aside a judgment upon such a technical ground without even an allegation that the defendant had a reason why it should not have been pronounced would, it seems to us, be absurd."

It has been more than 18 years since Steenbergen voluntarily entered a plea of

guilty to malicious striking and wounding with intent to kill. Counsel stood with him that day. Four days later, Steenbergen was formally sentenced in conformity with his plea of guilty and the agreement made by him, his counsel, and the Commonwealth's attorney. Now, he cries foul, and seeks the comfort and solace of the holding in *Oliver* to have the 1957 conviction vacated. The court is of the opinion that the action of the trial court in overruling Steenbergen's motion to vacate the 1957 judgment was correct.

The judgment is affirmed.

All concur.