Julian H. ADAMS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

March 11, 1977.

Rehearing Denied July 1, 1977.

Jack Emory Farley, Public Defender, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

On November 10, 1975, Julian H. Adams was convicted of first degree robbery and of being a persistent felon. In conformity with the jury's verdict, Adams was sentenced to a maximum term of 40 years' imprisonment. From that judgment, Adams appeals. In his initial brief, Adams alleges three errors as grounds for reversal:

(1) A prior felony conviction, introduced to enhance his punishment, was inadmissible as he was not represented by counsel when sentenced for that offense;

(2) The trial court improperly shifted the burden of proof of the validity of a prior felony conviction from the prosecution to the defense;

(3) The prosecution failed to introduce any evidence that Adams was over the age of 18 when he committed the offense of voluntary manslaughter in 1941, thereby failing to establish an essential element of the offense of being a persistent felony offender. By supplemental brief, Adams further alleges that the trial court committed reversible error in ruling as a matter of law that the pistol used in the robbery was a deadly weapon.

To place these issues in proper perspective, a brief summary of the facts is necessary.

Adams and his codefendant, Phillips,[1] were charged with first degree robbery by threatening the use of physical force while armed with a pistol in the course of a theft at Jackson's Liquor Store. Subsequently, Adams was again indicted for the offense and charged with being a persistent felony offender because of two prior felony convictions:

(1) On September 25, 1941, the felony of voluntary manslaughter, for which he received a sentence of 21 years; and,

(2) On April 29, 1971, the felony of housebreaking, for which he received a sentence of 8 years.

At Adams' trial the court read the charges in the second indictment to the prospective jurors at the commencement of their voir dire. At the close of the voir dire of the jurors, but before they were sworn, Adams' counsel moved for a mistrial.

The trial court conducted an in chambers examination of each juror, with all parties present, to ascertain whether the jurors had any recollection that Adams or Phillips were charged as persistent felony offenders. Concluding that, "apparently the jury does not consider [being a persistent felony offender] a charge," the trial court ruled the error "not prejudicial" and overruled the motion.

An employee of Jackson's Liquor Store testified that "about ten minutes after twelve," on August 24, 1975, "this fellow (Phillips) walked up to the counter with a pistol in his hand and said, 'I don't want to hurt you two fellows. This is a holdup.'" An employee "took a small sack and put the money in the sack and handed it to him." The robber then "took off" and "headed south on Limestone." The employee identified Phillips as the robber. Testimony of the officers who investigated the theft established that Adams was the "driver of a get-away car." There was evidence that $310.00 was taken in the robbery. Approximately "an hour and fifteen minutes later," officers apprehended Adams and Phillips in a car which Adams was driving. A search revealed $177.00 in Phillips' wallet, $154.00 on Adams' person and a ten-dollar bill on the floor of the automobile in front of the passenger seat, where Phillips had been seated.

Adams presented an alibi defense.

After the close of the robbery trial and while the jury was deliberating, Adams' counsel challenged the validity of the 1941

---

1. Phillips prosecutes a separate appeal.

manslaughter conviction on the ground that the record failed to show "the presence of counsel, either at trial or sentencing." That motion was overruled. Counsel for Adams then challenged the 1941 conviction because the record "is silent as to the date of trial," and the date "when the offense was committed." Counsel for Adams persistently argued "that there is no proof that . . . Adams was more than 18 years of age at the time he committed the crime of which he was convicted." (The 1941 conviction for voluntary manslaughter.)

When the jury returned a verdict of guilty on the principal offense, the persistent felony offender phase of the trial began. The prosecutor filed the record of the 1941 Pike Circuit Court conviction for voluntary manslaughter. He also offered evidence of Adams' 1972 Jessamine Circuit Court conviction on a charge of dwelling house breaking. At the conclusion of the Commonwealth's evidence, counsel for Adams renewed his motion challenging the sufficiency of the 1941 conviction because the record failed to establish that Adams was 18 years of age at the time he committed the offense of voluntary manslaughter. That motion was overruled.

Adams testified that he was represented by counsel at his 1941 trial, but that he was not represented by counsel when he was sentenced.

At the conclusion of Adams' presentation, his counsel moved for a directed verdict on the persistent felony charge. That motion was overruled.

■ This court has repeatedly and consistently adhered to the principle that sentencing is not such a critical stage of the proceedings as to warrant the presence of counsel. Sentencing in this jurisdiction is perfunctory and merely a formality. In *Steenbergen v. Commonwealth*, Ky., 532 S.W.2d 766 (1976), this court stated:

". . . This court has rejected the cloak of sanctity imposed by Oliver. [*Oliver v. Cowan*, 487 F.2d 895 (6th Cir. 1973)]. In plain language, not subject to misinterpretation, the court has held that the guiding hand of counsel is not required in formal sentencing procedures *because it is not a critical stage of the proceeding. This is particularly so when the accused has shown no prejudice in order to be entitled to the relief sought. . . .*" (Emphasis added). See *Reams v. Commonwealth*, Ky., 522 S.W.2d 853 (1975).

■ Adams alleges no prejudice by lack of counsel at sentencing. The judgment has stood unchallenged for 35 years without a showing of prejudice to his substantial rights. Lack of counsel at the sentencing stage does not invalidate the conviction of his 1941 trial.

The trial court did not shift the burden of proof to Adams to show he did not have counsel. The trial court required Adams to raise the issue of lack of counsel, nothing more. The burden of proof remained always on the Commonwealth to prove Adams had counsel at trial. It met that burden head-on. Adams testified that he had counsel at trial. He equivocated about counsel's presence at the sentencing stage. He was not positive that counsel was not present at the sentencing stage. It was unnecessary that counsel be present at the sentencing stage. Adams relies on *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). *Burgett* does not fit here. The court record is not silent. The record indicates that after all the evidence was introduced, the court instructed the jury and the jury heard the "arguments of counsel." This was bolstered by Adams' testimony that he had counsel at the 1941 trial. In light of his admission that he was represented by counsel during his 1941 trial, it cannot be said that his lack of representation at the sentencing stage of that proceeding was prejudicial to his substantive constitutional guarantees.

The last assignment of error in appellant's initial brief presents a vexatious problem. A thorough reading of the evidence and the exhibits indicates that the Commonwealth's Attorney failed to meet the burden of showing that Adams was above 18 years of age at the time of the

commission of the offense for which he was tried and convicted in September 1941. The records show that Adams was born May 24, 1921. He was 54 years old at the time of his trial in 1975. He testified in substance that at the time of his 1941 conviction he was a "kid," 19 or 20 years old. KRS 532.080(2) defines a previous felony conviction, and subsection (b) of that paragraph requires that before an offense can be used to classify an individual as a persistent felon the offender must have been over 18 years of age at the time that prior offense was committed. KRS 500.070 states, ". . . that the commonwealth has the burden of proving every element of the case beyond a reasonable doubt." The Commonwealth failed to meet that burden.

The Commonwealth contends that from the fact that Adams was 19 or 20 at the time of his 1941 conviction it can be reasonably inferred that he was over the age of 18 at the time of the commission of the underlying offense. We disagree. Such an inference would be entirely too tenuous and cannot be drawn.

Because Adams was 20 years old at the time judgment was rendered on the voluntary manslaughter charge in 1941, it cannot be reasonably inferred that he was over 18 at the time he committed the offense. The prosecution, therefore, failed to sustain the burden of proving every element of the offense beyond a reasonable doubt. The age of Adams at the time the crime was committed is a distinct element of the case which must be proven in order to satisfy the persistent felony statute. KRS 532.080(2)(a).

The court has considered the additional assignments in Adams' supplemental brief. Whether the instrument used in the course of a robbery is or is not a deadly weapon is a matter to be determined by the court as a matter of law. There was no evidence that any weapon other than the pistol used by Phillips, a codefendant of Adams, was used in this robbery. As a matter of law such an instrument is a "deadly weapon," as defined in KRS 500.-080(4).

The judgment is reversed with respect to the persistent felony conviction. The judgment is affirmed as to the conviction of first degree robbery. This cause is remanded with directions that Adams be resentenced on the conviction of the principal offense of first degree robbery.

All concur.