**Larry Wade NEWTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Oct. 28, 1977.

Frank W. Heft, Jr., Asst. Public Defender, Louisville, Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Larry Wade Newton was indicted and tried for the offense of first-degree robbery, KRS 515.020, and as a persistent felony offender in the first degree, KRS 532.-080(3).

The jury convicted Newton of first-degree robbery and fixed his punishment at 20 years' imprisonment. In the second stage of the trial, he was convicted of being a persistent felony offender in the first degree and was sentenced to life imprisonment.

The sole question presented by Newton on this appeal is whether the Commonwealth proved the essential elements of conviction required by KRS 532.080.

According to the record, Newton was first convicted for the offense of grand larceny in January 1974 and sentenced to imprisonment of one year. Next, on January 31, 1975, pursuant to a plea of guilty, Newton was sentenced to five years' imprisonment on one count of grand larceny and to two years' imprisonment on a second count of grand larceny. Both offenses were committed on November 13, 1974, insofar as we can determine from the record.

The principal offense of first-degree robbery for which Newton stands convicted here was committed on September 15, 1976.

Newton asserts that the Commonwealth did not prove that he had been discharged from probation or parole within five years of the date he committed the principal offense of first-degree robbery.

KRS 532.080(3) provides:

"A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

"(a) That a sentence to a term of imprisonment of one year or more of a sentence to death was imposed therefor; and

"(b) That the offender was over the age of eighteen (18) years at the time the offense was committed and was discharged from probation or parole within five (5) years of the date of commission of the felony for which he was last convicted."

Here there is undisputed proof of the two previous felony convictions, that Newton was sentenced to imprisonment for one year or more on each conviction, and that he was over the age of eighteen at the time the offense was committed. There is no proof that Newton was discharged from probation or parole for the felonies for which he was last convicted. His last conviction resulted from felonies committed November 13, 1974; so if he had, in fact, been discharged from probation or parole, it is within the five-year period provided for in the statute. We are of the opinion proof of this fact is an essential element of the offense of being a persistent felony offender. The statute is clear, concise, and not ambiguous. Absent proof of an essential element of the offense, the conviction cannot stand.

In *Adams v. Commonwealth*, Ky., 551 S.W.2d 561 (1977), we held that failure to prove the age of the defendant as mandated by the statute required reversal for the reason that proof of the defendant's age was an essential element of the offense. We regard each element of the offense as prescribed by the General Assembly equally essential to support a conviction. The Commonwealth argues that the commission of three successive felonies within a two-year period represents a classic example of the situation the persistent felony statute is designed to control.

We agree that philosophically the statute is designed to control persistent felony offenders, but on such terms and conditions as prescribed by the General Assembly. It may be, as stated by the Commonwealth, it is probable that Newton has not been free from supervision by the Department of Corrections since his first conviction. If this be true, the Commonwealth will be unable to prove this element of the offense on a new trial.

This situation presents an anomaly; however, the 1976 Extraordinary Session amended KRS 532.080 to provide:

"(3) A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

"(a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor; and

"(b) That the offender was over the age of eighteen (18) years at the time the offense was committed; and

"(c) That the offender:

"1. Completed service of the sentence imposed on any of the previous felony convictions within five (5) years prior to the date of the commission of the felony for which he now stands convicted; or

"2. Was on probation or parole from any of the previous felony convictions at the time of commission of the felony for which he now stands convicted; or

"3. Was discharged from probation or parole on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted."

With this amendment in effect, we would not be faced with the present question. However, we are bound by the statute in effect at the time.

We are confident the failure to instruct fully on persistent felony offense in the second degree will be remedied at the new trial. Thus we will not attempt to unravel the question of whether this issue was preserved for appellate review.

The conviction for being a persistent felony offender is reversed for a new trial consistent with this opinion. Should the Commonwealth fail to prove the offense, it is directed that appellant be sentenced on the conviction of the principal offense of first-degree robbery.

All concur.