RENDERED: JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0179-MR

CHARLES M. STOWERS · · · · · · · · · · · · · · · · · · · · · · · · · · · · APPELLANT

v. · · · · · · · · · APPEAL FROM WARREN CIRCUIT COURT
HONORABLE STEVE ALAN WILSON, JUDGE
ACTION NO. 09-CR-00930

COMMONWEALTH OF KENTUCKY · · · · · · · · · · · · · · · · · · · · · · · · APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND A. JONES, JUDGES.

CALDWELL, JUDGE: Charles M. Stowers ("Stowers") appeals from the trial court's denial of relief on his motion pursuant to CR [1] 60.02, following his conviction of two counts of rape in the first degree and being a persistent felony offender in the second degree and his resulting sentence of fifty (50) years. Having

---

[1] Kentucky Rules of Civil Procedure.

reviewed the briefs of the parties, the trial court record and order, and pertinent law, we affirm.

## FACTS

The underlying facts of this case were set out in Stowers' prior appeal to the Kentucky Supreme Court and, again, in his prior appeal to this Court:

> Appellant Charles Stowers married Amy Webster in June 2009 and lived with her and her two teenage daughters for most of that year, both before and after the marriage. On the night of September 9, 2009, Webster's thirteen-year old daughter, [D.D.],[2] was taken to an emergency room complaining of bleeding, a heavy period, and abdominal pain. After a series of routine tests, the hospital staff discovered that [D.D.] was pregnant and suffering a miscarriage. At the behest of the treating physician, Nurse Rebecca Melloan spoke with [D.D.]. When Melloan told [D.D.] that she was pregnant and miscarrying, [D.D.] stated that Stowers had raped her. Subsequent DNA testing on the fetus revealed that Stowers could not be excluded as the father, with a 99.99999% probability of paternity.

> Stowers was indicted by a Warren County grand jury on two counts of first-degree rape and charged as a second-degree persistent felony offender. At trial [D.D.] testified that Stowers entered her bedroom while she was sleeping. [D.D.] suspected that it was her younger sister sneaking into her room until Stowers began to touch her chest and "privates." She further testified that Stowers touched her "private" with his "private," and that his "private" went inside of her. [D.D.] testified that she was scared and she told Stowers to stop several times before he left the bedroom. Stowers returned to her bedroom

---

[2] While D.D. is now an adult, she was a juvenile at the time of the events described herein and per Rules of Appellate Procedure ("RAP") 5(B)(2), her name will be initialized.

three or four nights later and began touching her again. [D.D.] testified that Stowers again placed his "private" inside of her. She explained that she was scared and again did not know what to do, so she told Stowers to stop. When he left her bedroom, [D.D.] testified that she retreated to her sister's bedroom and locked the doors and windows.

Stowers was found guilty of two counts of first-degree rape and of being a PFO in the second degree. The jury recommended twenty-years enhanced to twenty-five years on each count, to run consecutively for a total sentence of fifty years in prison. In its final judgment, the trial court sentenced Stowers in accordance with the jury's recommendation.

*Stowers v. Commonwealth*, No. 2016-CA-001553-MR, 2019 WL 1868929, at *1

(Ky. App. Apr. 26, 2019) (unpublished) (hereinafter "*Stowers* II") (quoting

*Stowers v. Commonwealth*, No. 2012-SC-000100-MR, 2014 WL 702180, at *1

(Ky. Feb. 20, 2014) (hereinafter "*Stowers* I")).

Stowers appealed as a matter of right in 2012. At that time, he alleged trial errors, including arguing insufficient evidence of forcible compulsion entitled him to a directed verdict on both counts of First-Degree Rape. The Kentucky Supreme Court affirmed his conviction in 2014.[3] In 2015, he filed a motion, pursuant to RCr[4] 11.42, alleging ineffective assistance of counsel. The motion was

---

[3] *See Stowers* I.

[4] Kentucky Rules of Criminal Procedure.

denied by the trial court without a hearing. This Court upheld that denial in 2019.[5]

Stowers next filed a motion pursuant to CR 60.02 in July of 2019. The trial court denied relief upon that motion and Stowers did not appeal the denial. Finally, in September of 2021, Stowers filed the successive CR 60.02 motion which is the subject of this action. The trial court denied any relief. He now appeals that denial. We again affirm his convictions and sentence. Further facts will be discussed as needed in our analysis.

## STANDARD OF REVIEW

On appeal of a trial court's denial of relief pursuant to a CR 60.02 motion, this Court reviews the determination of the trial court for an abuse of discretion as the decision whether to grant relief is within the trial court's exclusive discretion. *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021).

A trial court abuses its discretion when it issues a decision which is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Therefore, the lower court's decision will be affirmed absent a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

---

[5] *See Stowers* II.

-4-

# ANALYSIS

Stowers' 60.02 motion forwarded three reasons for relief to the trial court. First, he alleged being found guilty of two counts of rape in the first degree was a violation of the prohibition against double jeopardy. Second, he alleged the indictment was defective as it indicated D.D. was twelve (12) years of age at the time of the offenses but there was testimony indicating she was actually thirteen (13). Finally, Stowers alleged his trial counsel was ineffective when no objection was made concerning double jeopardy or the "deficient" indictment.

## Ineffective Assistance of Counsel

Beginning with Stowers' last allegation, the trial court held he was precluded from raising claims of ineffective assistance of counsel which could have been raised in his prior RCr 11.42 motion, citing *McQueen v. Commonwealth*, 948 S.W.2d 415 (Ky. 1997). *McQueen* holds:

> Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have been presented by direct appeal or RCr 11.42 proceedings. The obvious purpose of this principle is to prevent the relitigation of issues which either were or could have been litigated in a similar proceeding.

*Id.* at 416 (internal quotation marks and citations omitted).

Having reviewed Stowers' 60.02 motion, which closely mirrors his appeal, it is obvious any of Stowers' contentions regarding assistance of counsel could certainly have been addressed in his prior motion. Stowers makes no

allegation he was unaware of or otherwise unable to raise these allegations at that time. Nothing in the nature of his allegations suggests prior unavailability, concealment, or any other excusable reason for Stowers to have been unaware prior to his 60.02 motion. The trial court did not abuse its discretion in denying relief on this allegation.

## Double Jeopardy

Next, Stowers alleges his conviction for two counts of rape in the first degree was in violation of constitutional prohibitions against double jeopardy. Fifth Amendment, U.S. CONSTITUTION; §13 KENTUCKY CONSTITUTION. He asserts "the same facts needed to convict on Count One first degree rape" were identical to those by which "the jury could have convicted the Appellant of the second-degree rape charge." Stowers' argument does not bear scrutiny.

Initially, when Stowers was informed of the statements D.D. made during the emergency room visit, Stowers denied ever having sexual relations with his stepdaughter. After DNA testing of the miscarried fetus confirmed Stowers had impregnated D.D., he admitted to having intercourse with her but maintained it occurred on only a single occasion. Stowers now argues the Commonwealth "needed to use the same fact that the victim miscarried her baby" and "the same DNA evidence in both counts of rape." Stowers contends the DNA evidence of his impregnating D.D., and his subsequent admission to having intercourse with her on

-6-

a single occasion, were the only evidence available for a jury to base their findings. This position is, at best, mistaken.

D.D. testified to two separate instances of having been raped by Stowers. Under direct examination, after responding to inquires detailing the first incident, she affirmed being "100%" sure Stowers had again come into her room, while she was sleeping, three or four nights after the first rape. She described in detail this second incident of Stowers having sexual intercourse with her, despite her saying "no" multiple times before he ceased.[6]

When Stowers twice raped his stepdaughter in the summer of 2009, it occurred under factually similar circumstances. However, the argument he "could not be convicted of Count One . . . unless he would have been guilty of Count Two" is in no way accurate. The jury was presented evidence of two distinct events and was instructed in a manner which distinguished the two.

Stowers' counsel argued his defense that only a single incident of sexual intercourse occurred. Instructions for the two counts of the same charge were not identical; the allegations for each respective count were identified within as "Encounter 1" and "Encounter 2." The Instructions presented the jury a clear

---

[6] To the extent Stowers attempts to revisit arguments in his prior appeal concerning sufficiency of this evidence to establish forcible compulsion, this Court rejects Stowers' assertions and declines to reexamine the matter. That evidence presented at trial was sufficient for the jury to find the intercourse occurred by forcible compulsion has been conclusively established. It is the law of the case.

opportunity to find only one occasion of sexual intercourse had occurred, had they found Stowers' partial defense credible. However, the jury clearly found two separate incidents of sexual intercourse occurred.

Stowers was not held twice in jeopardy for the same event when convicted of two counts of rape in the first degree. The trial court did not abuse its discretion in denying relief.

### The Charging Indictment

Stowers' remaining allegation, that his indictment was insufficient, is premised upon an instance of testimony relating to D.D.'s age at the time Stowers raped her. Stowers alleges D.D. "testified that she was born on September 5, 1995, and that in 2009 when these crimes occurred she was 14 years of age." Reviewing D.D.'s trial testimony, which took place August 23, 2011, upon inquiry as to her date of birth, her response is, in fact, the date Stowers indicates. This birthdate would have made D.D. fifteen (15) years old the day of her testimony and thirteen (13) during June and July of 2009. Immediately following the testimony about her birthdate, D.D. testified to being *presently* fourteen (14) years old and about to turn fifteen (15) when asked about her upcoming birthday. Contrary to Stowers' characterization, she did *not* indicate being fourteen (14) during the summer she was raped by Stowers.

On the other hand, trial testimony from D.D.'s mother, as well as Nurse Melloan, reflects D.D.'s age to have been fourteen (14) years old at the time of her testimony, thirteen (13) on September 9, 2009, when she visited the emergency room, and twelve (12) during her mother's brief marriage to Stowers in the summer of 2009. The reason for the discrepancy with D.D.'s testimony as to her birthdate is not clear. In denying Stowers' 60.02 motion, the trial court indicated it was clearly established by the record "that D.D. was, in fact, twelve (12) years old at the time of the rapes."

Ultimately, the distinction of whether D.D. was twelve (12) or thirteen (13) during June and July of 2009 matters not. The plain language of Stowers' indictment twice alleges he "committed the crime of Rape First Degree when he engaged in sexual intercourse with [D.D.], age 12, by forcible compulsion." A person may be found guilty of rape in the first degree, per KRS[7] 510.040(1)(a), by engaging in sexual intercourse with another person by forcible compulsion. Each of the elements of KRS 510.040(1)(a) are alleged explicitly in Stowers' indictment. A person may also be found guilty of rape in the first degree, per KRS 510.040(1)(b)2., by engaging in sexual intercourse with a person who is incapable of granting consent because their age is *less than* twelve (12) years old. Nowhere in the record does it indicate Stowers was ever indicted under KRS 510.040(1)(b)2.

---

[7] Kentucky Revised Statutes.

However, in his CR 60.02 motion, as well as his appeal, Stowers conflates these two subsections of KRS 510.140(1) to assert the victim's age was an element of the offenses for which he was convicted. This is incorrect. Throughout the proceedings, Stowers was charged and eventually convicted under KRS 510.040(1)(a). The language of Stowers' indictment unmistakably alleged he was charged for sexual intercourse which occurred by forcible compulsion. While Stowers' indictment contains a reference to D.D.'s age, the specific elements of KRS 510.040(1)(b)2. are nowhere mentioned. The indictment simply did *not* allege a lack of consent on the part of D.D. for reasons of incapability; reference to D.D.'s age in the indictment was unnecessary and the mention mere surplusage.

Furthermore, Stowers alleges "the indictment was premised on theory that the victim was *under* the age of 12." (Emphasis added.) This is flatly untrue. Nowhere is D.D. alleged to be less than twelve (12) years of age in the indictment. Even if miscalculated, the indictment plainly asserted D.D. was twelve (12) years old – not younger than twelve – at the time of the offenses.

This Court may affirm a lower court for any reason supported by the record. *See Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991). Whether or not D.D.'s age had been miscalculated in the indictment did not render it deficient. Even if it were, "defects in an indictment will not support a collateral attack upon a judgment of conviction." *Warner v.*

-10-

*Commonwealth*, 385 S.W.2d 77, 77 (Ky. 1964). Here, the jury was properly instructed on forcible compulsion and convicted Stowers on that theory. His conviction was not based upon any theory of incapacity to consent. The trial court did not abuse its discretion in denying relief.

**The Trial Court's Denial of Relief is Additionally Affirmed as Stowers' Motion Was Procedurally Barred**.

The Commonwealth takes issue with procedural issues of Stowers' 60.02 motion as a whole, including timeliness and its being a successive motion. While the trial court considered Stowers' central arguments on their merits and rejected only his RCr 11.42 argument for procedural reasons, in this successive CR 60.02 proceeding, the Commonwealth's point is well taken.

There is no reason Stowers' arguments alleging double jeopardy and sufficiency of the indictment could not have been made in his initial RCr 11.42 motion. CR 60.02 "is available *only* to raise issues *which cannot be raised in other proceedings*." *McQueen*, 948 S.W.2d at 416 (emphasis added). This includes "issues which could 'reasonably have been presented' by direct appeal or RCr 11.42 proceedings." *Id.* (quoting RCr 11.42(3) and *Gross*, 648 S.W.2d at 855-56). The trial court would have been well within its discretion to have denied Stowers' successive motion simply for being successive.

Much the same may be said regarding the timeliness of Stowers' motion. Stowers' motion sought relief under CR 60.02(e) and (f). CR 60.02

-11-

mandates a motion under either of these subsections "shall be made within a reasonable time." Determining whether a motion has been made within a reasonable time is discretionary. *Gross*, 648 S.W.2d at 858. In *Gross*, the Supreme Court concluded the passing of five years after final judgment before a CR 60.02 motion was not a reasonable time. *Id*. Stowers' final judgment was entered on December 20, 2011. He did not file the subject CR 60.02 motion until nearly a decade later, on September 7, 2021. As previously discussed, the record indicates no reason for Stowers to have been previously unaware of any information cited in his motion. Stowers did not make his motion within a reasonable time and the trial court would have been well within its discretion to have denied relief solely for its being untimely.

## CONCLUSION

The trial court did not err in denying Stowers relief. We uphold the finding of the Warren Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Charles M. Stowers, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky