**Marvin Alderson PETERSON, Petitioner,**

**v.**

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent.**
**Civ. A. No. 2076.**

United States District Court
E. D. Tennessee,
Northeastern Division.
March 17, 1967.

## MEMORANDUM

NEESE, District Judge.

This prisoner filed in forma pauperis in the Middle District of Tennessee an application for the writ of habeas corpus. Pursuant to discretion granted the Court addressed by 28 U.S.C. § 2241(d) and in furtherance of the interest of justice, the prisoner's application was transferred to this District and Division for consideration.

The petitioner was convicted in the Criminal Court of Unicoi County, Tennessee, at some undisclosed date at the November, 1964 term, of murder in the second degree under an indictment charging him with first degree murder. He was sentenced to a term of 15 years.

His petition for issuance of the writ of habeas corpus was denied by the Criminal Court for Morgan County, Tennessee, on March 15, 1966, apparently while he was incarcerated in the Tennessee prison at Petros in that county. The lower court was affirmed by the Tennes-see Supreme Court on December 6, 1966. The petitioner is now incarcerated in the Tennessee state penitentiary near Nashville. He seeks to invoke the jurisdiction of the federal court, claiming that he has thus exhausted his state remedies. 28 U.S.C. § 2241. It does not affirmatively appear from the pleading filed that this petitioner exhausted his state remedies or that any right which he enjoys under the federal Constitution has been infringed or is now being violated.

The gist of the petitioner's claim is that his conviction in the state court was not appealed. He admits in his petition that he did not communicate to the trial judge his desire to appeal his conviction but maintains that " * * * it was pretty well understood that [the] petitioner would appeal his conviction. * * * " He claims that he did not waive his right to a direct appeal from his conviction, but that members of his family undertook so to do.

The petitioner predicates his claim to withheld rights on T.C.A. § 40–2012. He is obviously misguided in such reliance; because, while he was represented on the trial of his case by retained counsel, the aforecited section has reference to the duty of appointed counsel to lay the predicate for an appeal from criminal convictions.

The petitioner's right to appeal from his conviction in the state court on the criminal charge involved is not guaranteed by the federal Constitution. Mooneyham v. State of Kansas, C.A.10th (1964), 339 F.2d 209, 210[2]. The State of Tennessee was authorized to, and has provided for an appeal by convicted defendants in criminal cases on terms it deemed appropriate, infra. So long as these remedies are consistent with the due process provisions of the federal constitution, federal courts will not disturb them. See Griffin v. People of State of Illinois (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 898 (headnote 9). Relief to state prisoners through the federal courts is available only when a prisoner's fundamental rights guaranteed by the Constitution of the United States have

been violated. Townsend v. Sain (1963), 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, 785[10].

While this petitioner may have exhausted his state remedies in regard to his application for the state writ of habeas corpus, supra, he could have perfected a review in the Tennessee Supreme Court by writ of error, T.C.A. § 40–3402, within one year after entry of final judgment of his conviction as a matter of right, T.C.A. § 27–604, and might have obtained such review within two years therefrom on application to a justice of that Court, T.C.A. § 27–605. He followed neither course; however, this Court does not yet reach the issue of exhaustion of state remedies.

▆▆▆ It is established as a rule that if an applicant for the writ of habeas corpus, after consultation with competent counsel or otherwise, understandingly and knowingly foregoes the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or other reasons which can fairly be described as the deliberate by-passing of state procedures, a federal court may then deny him all relief. Fay v. Noia (1963), 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. However, this rule presupposes the considered choice of the petitioner; a choice made by his counsel in which the criminal defendant did not participate does not automatically preclude the petitioner's obtaining relief in the federal courts. Neither does a finding of waiver of appeal by a state court bar the independent determination by the federal courts on an application for the writ. A waiver affecting a federal right presents a federal question. Idem.

▆▆▆ There is no merit in an appeal from a conviction of a criminal offense in a state court which will be a mere exercise in futility. Appellate courts consider errors assigned to the trial court. If there were no error committed by the trial court, and unless a convicted defendant has been deprived of some right on the trial, there is no error for the appellate court to correct. Thus, no substantial prejudice to a convicted defendant results by his being denied his right to appeal if there were nothing for the appellate court to review.

▆▆▆ This petitioner makes no allegation that any denial of his right to appeal resulted in his incarceration. In other words, he points to no error committed in the proceedings which led to his conviction and incarceration which could have been corrected had he availed himself of his right under Tennessee law to a review by a Tennessee appellate court. In so far as this Court is now concerned, that error must have involved the violation of some right the petitioner had under the federal Constitution. Habeas corpus is available through the federal courts only where a state criminal proceeding fails to meet the standard of procedural fairness which the Fourteenth Amendment to the federal Constitution demands of the states. Halko v. Anderson, D.C.Del. (1965), 244 F.Supp. 696, 700[5], affirmed C.A.3rd (1966), 359 F.2d 435.

▆▆▆ The judgments and proceedings of a state court cannot be lightly set aside on collateral attack. Bates v. Meadows, C.A.6th (1966), 358 F.2d 674, 675[2]. They carry with them a presumption of regularity. Williams v. Kaiser (1945), 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398.

On the other hand, this Court will provide this petitioner a reasonable opportunity to amend his petition in such manner so as to point to any errors of law he claims occurred in connection with his criminal trial. If same are forthcoming within 20 days from the filing of this memorandum, the Court will consider further his application; if not, the petition will be dismissed as failing to state a claim on which relief can be granted.

The clerk will serve copies of this memorandum by United States mail on the petitioner, the clerk of the Criminal Court for Unicoi County, Erwin, Tennessee, and the Attorney General of Tennessee, Supreme Court Building, Nashville, Tennessee.