**Jackie LAYMAN, Petitioner,**

v.

**Lake F. RUSSELL, Warden Tennessee State Penitentiary, Nashville, Tennessee, Respondent.**

Civ. A. No. 2312.

United States District Court
E. D. Tennessee,
Northeastern Division.

June 18, 1969.

Jackie Layman in pro. per.

David W. McMackin, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The petitioner Mr. Layman claims he is in custody pursuant to the judgment of a Tennessee state court in violation of the Constitution of the United States. 28 U.S.C. § 2254(a). He applied to the

District Court for the Middle District of Tennessee for the federal writ of habeas corpus, which transferred such application, 28 U.S.C. § 2241, to this Court.

" * * * An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant had exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). " * * * An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The petitioner presents the question herein of whether he was denied his constitutional right to a trial by an impartial jury. He has the right under the law of Tennessee to raise by several available procedures the same question. He claims the exhaustion of his remedies under Tennessee law by virtue of having appealed his judgment of conviction to the Court of Criminal Appeals of Tennessee. Layman v. State, Tenn.Cr.App. (1968), 429 S.W.2d 832, certiorari denied (1968). The import of that decision relates only to whether the trial judge committed reversible errors on the trial of the petitioner's criminal case. The constitutional infirmities now claimed by the petitioner do not appear to have been pointedly presented therein.

" * * * Habeas corpus is available through the federal courts only where a state criminal proceeding fails to meet the standard of procedural fairness which the Fourteenth Amendment to the federal Constitution demands of the states. * * *

" * * * The judgments and proceedings of a state court cannot be lightly set aside on collateral attack. * * *

They carry with them a presumption of regularity. * * * " Peterson v. Henderson, D.C.Tenn. (1967), 271 F. Supp. 30, 32 [10, 11].

The petitioner's application herein does not reflect the date of the entry of the final judgment of his conviction. If this was no more than one year ago, he can perfect a review in the Tennessee Supreme Court by writ of error, T.C.A. § 40–3402. If a longer period has transpired since conviction, he may obtain such review within two years therefrom on application to a justice of that Court, T.C.A. § 27–605. In addition, he may apply to the Tennessee trial courts for this relief under the Tennessee Post-Conviction Procedure Act, T.C.A., title 40, chapter 38; and the judge who presided at his criminal trial in which his conviction occurred may no longer hear and determine such application. Acts 1969, pub. ch. 242 (approved May 6, 1969); cf. T.C.A. § 40–3823. The petitioner has followed none of these courses. See Peterson v. Henderson, supra, 271 F. Supp. at 32.

" * * * It is established as a rule that if an applicant for the writ of habeas corpus, after consultation with competent counsel or otherwise, understandingly and knowingly foregoes the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or other reasons which can fairly be described as the deliberate by-passing of state procedures, a federal court may then deny him all relief. * * * " Idem. [4]. The petitioner Mr. Layman is proceeding herein pro se. Obviously, it was he who made the considered choice to by-pass deliberately these available state procedures. Under 28 U.S.C. § 2254(b), (c), this Court is not authorized to grant his application for the federal writ of habeas corpus, and must now deny him all relief. Fay v. Noia (1963), 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837.

Judgment accordingly will be entered, Rule 58, Federal Rules of Civil Procedure.