Dewey Scott FRAZIER, Petitioner,

v.

Stoney LANE, etc., Respondent.

No. CIV-2-78-21.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion and Order
Feb. 24, 1978.

On Habeas Corpus Application
April 11, 1978.

On Notice of Appeal May 26, 1978.

———

Dewey Scott Frazier, pro se.

William M. Leech, Jr., Atty. Gen., of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a *pro se* application for the federal writ of habeas corpus by Mr. Dewey Scott Frazier, a prisoner in the custody of the respondent pursuant to the judgment of December 3, 1976 of the Criminal Court of

842

Sullivan County, Tennessee. He claims he is in such custody in violation of the Constitution, Fifth, Sixth and Fourteenth Amendments, 28 U.S.C. § 2254(a). The applicant claims he presented his instant questions herein to the courts of Tennessee on direct appeal, *Frazier v. State*, C.Cr.App.Tenn. (1970), 466 S.W.2d 535, certiorari denied (1971), and has exhausted the remedies available to him in the courts of Tennessee. 28 U.S.C. § 2254(b).

Mr. Frazier appears to have been convicted of safecracking on the foregoing date, after which his punishment was enhanced to life imprisonment as an habitual criminal on the basis of a sufficient number of earlier convictions of felonies, as provided by the applicable Tennessee statute. He appears to claim that he was denied a fair trial on the issue of whether he is an habitual criminal (1) when 5 of his earlier convictions were utilized against him, and all 5 thereof constituted only one conviction for habitual criminal purposes, citing *Frazier v. State*, C.Cr.App.Tenn. (1972), 485 S.W.2d 877[3]; (2) because his unwaived right to the assistance of counsel was violated at sentencing in each of those 5 earlier convictions; and (3) because none of the 6 earlier convictions, utilized to convict him of being an habitual criminal, was a final conviction, citing *Burgett v. Texas* (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

■■■ As to the latter claim of the applicant, the Court of Criminal Appeals of Tennessee found that Mr. Frazier's prior convictions, which were on appeal at the time of his conviction as an habitual criminal, had since been affirmed, and that any harmless error in that connection had been cured by such affirmance. *Frazier v. State, supra,* 485 S.W.2d at 879[2]. The applicant does not appear to have been denied due process in the hearing between these parties upon which such finding is predicated. That determination of such factual issue, accordingly, is presumed correct, 28 U.S.C. § 2254(d), and as to that claim, the applicant hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure.

■ As to the intermediate claim of the applicant, it has been determined judicially twice that the prior convictions of him, utilized to convict him as an habitual criminal, were: (a) the crime of forgery of July, 1964, (b) the (merged) crime of burglary of July, 1964, and (c) the crime of burglary and grand larceny of April 4, 1967. *Frazier v. State, supra,* 466 S.W.2d at 536; *Frazier v. State, supra,* 485 S.W.2d at 878. Thus, the applicant's conviction as an habitual criminal was not based upon 5 burglary convictions, as he now appears to claim. As to such second claim, therefore, Mr. Frazier hereby is DENIED all relief. Rule 58(1), *supra.*

It not appearing from such application that the applicant is *not* entitled to the federal writ of habeas corpus on his claim that 5 earlier burglary convictions were utilized against him in convicting him as an habitual criminal when only one such burglary conviction was admissible in evidence against him thereon, the respondent will make a return within 43 days herefrom showing the true cause of the applicant's detention and show any cause why such writ should not be granted. 28 U.S.C. § 2243; Rule 81(a)(2), Federal Rules of Civil Procedure. The current movement of the mail provides good cause for the allowance of such additional time. *Idem.*

Other matters hereby are

RESERVED.

ON HABEAS CORPUS APPLICATION

The issue remaining outstanding for consideration herein, see memorandum opinion and order herein of February 24, 1978, is whether the federal right of the applicant Mr. Dewey Scott Frazier to the assistance of counsel, Constitution, Sixth Amendment, was violated in the enhancement to life imprisonment of his punishment for a felony conviction of December 8, 1976. He claims that, in the sentencing of July 13, 1964 for 5 convictions for burglary committed on March 31, 1964, utilized to thus enhance his punishment, he did not have the assistance of counsel and had not waived it.

■ A defendant in a criminal case " * * * requires the guiding hand of counsel at every step in the proceedings against him. * * * " *Powell v. Alabama* (1932), 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 170 (headnote 9), cited and quoted from in *Oliver v. Cowan*, C.A. 6th (1973), 487 F.2d 895, 896, certiorari denied (1974), 416 U.S. 975, 94 S.Ct. 2003, 40 L.Ed.2d 564. This includes the sentencing proceeding. *McConnell v. Rhay* (1968), 393 U.S. 2, 4, 89 S.Ct. 32, 21 L.Ed.2d 2, 4; *Oliver v. Cowan, supra.*

Even pretermitting the aforementioned 5 prior convictions of the felony of burglary (treated as only one such conviction), Mr. Frazier was not deprived of his federal right to due process of law by the state of Tennessee, Constitution, Fourteenth Amendment, in the enhancement of his punishment under the Tennessee Habitual Criminal Act, T.C.A. § 40–2801. That act provides for enhancement of punishment where a convicted felon has been convicted 3 times previously of felonies, 2 of which were violative of certain enumerated statutes of the state of Tennessee.

As was observed by the Court of Criminal Appeals of Tennessee,

\* \* \* \* \* \*

* * * The record reflects that the defendant [applicant] was convicted on 31 March 1964. These burglaries can be counted as only one offense under T.C.A. § 40–2801. *Frazier v. State*, 485 S.W.2d 877 (Tenn.Crim.App.1972). He was convicted of two additional burglaries and four felony escapes. He has now been convicted for bank robbery.[1]

[1] He was also convicted in the case *sub judice* of the felony of using a firearm in the conviction [sic: commission] of a felony, but this offense cannot be counted in addition to the bank robbery under T.C.A. § 40–2801.

\* \* \* \* \* \*

Counting the five burglary convictions of 31 March 1964 as one conviction; there were three burglary convictions, four felony escape convictions and one bank robbery conviction. This is more than enough to bring the defendant under T.C.A. § 40–2801. * * *

*Dewey Scott Frazier*, appellant, *v. State of Tennessee*, appellee, no. 313, Sullivan Criminal, in the Court of Criminal Appeals of Tennessee, opinion of December 28, 1977. Patently then, pretermitting the 5 burglary convictions in the sentencing for which Mr. Frazier claims he was denied counsel, there were still 2 burglary convictions, 4 felony escape convictions and 1 bank robbery conviction, " * * * more then enough to bring the [applicant] under T.C.A. § 40–2801. * * * "

Law and justice, therefore, require that the applicant be, and he hereby is, DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. As the petitioner is incarcerated for life, and his application for the federal writ of habeas corpus is not plainly frivolous, but constitutes a substantial question worthy of further consideration, such certificate will ISSUE. *Idem.*

### ON NOTICE OF APPEAL

■ Judgment was entered herein on April 11, 1978, denying the petitioner Mr. Frazier's application for the federal writ of habeas corpus and dismissing this action. Rule 58(1), Federal Rules of Civil Procedure. Such petitioner, on April 17, 18, 20, 21, and 26, 1978, respectively, filed herein variously denominated motions, the purport of each is to urge the Court to change its mind. A so-called "motion to appeal" was filed herein on May 9, 1978, which document the Court hereby TREATS as a notice of appeal purportedly filed pursuant to Rules 3(a), 4(a), Federal Rules of Appellate Procedure. See: *Hoiness v. United States* (1948), 335 U.S. 297, 300–301, 69 S.Ct. 70, 93 L.Ed. 16, 19–20 (headnote 2); and *In re Wyse (Pioneer-Cafeteria Feeds, Ltd.)*, C.A. 6th (1965), 340 F.2d 719, 725[9].

■ The filing of such notice of appeal operated to transfer jurisdiction of this action from this Court to the court of appeals of this circuit, and this Court is without power to proceed further herein except to act in aid of such appeal. *First Nat. Bank of Salem, Ohio v. Hirsch,* C.A. 6th (1976), 535 F.2d 343, 345 n. 1; *Hogg v. United States,* C.A. 6th (1969), 411 F.2d 578, 580[2]; *Keohane v. Swarco, Inc.,* C.A. 6th (1963), 320 F.2d 429, 432[4]. Accordingly, this Court could not grant Mr. Frazier the relief he seeks in such post-judgment motions since any orders entered in connection therewith would be null and void.* *Keohane v. Swarco, Inc., supra.* While the petitioner's notice of appeal may have been premature, in the light of his aforementioned motions, this Court must honor the same whatever may be its defects. See: *Hogg v. United States, supra* ; and *Liles v. South Carolina Department of Corrections,* C.A. 4th (1969), 414 F.2d 612.

The Court has heretofore issued a certificate of probable cause pursuant to Rule 22(b), Federal Rules of Appellate Procedure, see memorandum opinion and certificate herein of April 11, 1978, and Mr. Frazier's present request therefor is redundant.

---

* This Court would not certify that it would be inclined to grant any of these motions, if its authority to do so had not been interrupted by the appeal herein. See and *cf. First Nat. Bank of Salem, Ohio v. Hirsch, supra,* 535 F.2d at 346.