Dewey Scott FRAZIER, Petitioner,

v.

Jimmy HARRISON, etc., et al., Respondents.

No. CIV–2–81–117.

United States District Court, E. D. Tennessee, Northeastern Division.

June 15, 1981.

Opinion on Return Aug. 13, 1981.

Dewey Scott Frazier, pro se.

Robert L. Jolley, Jr., Sr. Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The petitioner Mr. Dewey Scott Frazier, a person in custody of the respondent-warden pursuant to the judgment of December 3, 1976 of the Criminal Court of Sullivan County, Tennessee, applied to this Court for the federal writ of habeas corpus, claiming that he is in such custody in violation of his guaranteed federal right to the assistance of counsel, Constitution, Sixth Amendment, and to due process and the equal protection of the law, Constitution, Fourteenth Amendment. 28 U.S.C. § 2254(a). He claims the exhaustion by every procedure of the remedies available to him under the laws of Tennessee in its courts, 28 U.S.C. §§ 2254(b), (c), by having presented the questions he presents here in the Criminal Court of Sullivan County, Tennessee, and other Tennessee courts without having been accorded his federal rights. *State of Tennessee*, appellee, v. *Dewey Scott Frazier*, appellant, docket no. 459 CCA, in the Supreme Court of Tennessee.

Mr. Frazier claims that the Criminal Court of Sullivan County, Tennessee denied him assistance of counsel, due process of law, and the equal protection of the law, by refusing his application for a continuance of his trial on the charge of being an habitual criminal after his appointed counsel had asserted in such motion that he (the counsel) had had inadequate time to prepare for that phase of the trial while all his attention was directed to the concomitant charge of bank-robbery; that he was denied the assistance of counsel when his appointed attorney neglected to implement his request for the filing of a petition with the Supreme Court of Tennessee for certiorari to the Court of Criminal Appeals of Tennessee concerning the use by the prosecution of a prior conviction in 1967 which was not final; that he was denied such assistance during his conviction without counsel in 1964 of five charges of burglary also utilized as prior convictions to enhance his punishment to life imprisonment; and that the use of 11 prior convictions in his trial, including 1 "void" conviction, on his trial on the charge of being an habitual criminal prejudiced him with the jury and deprived him of a fair trial, Constitution, Fourteenth Amendment.

 " * * * Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused. * * * The trial court should protect the right of an accused to have the assistance of counsel. * * * " *Glasser v. United States* (1942), 315 U.S. 60, 71, 62 S.Ct. 457, 465[12], 86 L.Ed. 680, rehearing denied (1942), 315 U.S. 827, 62 S.Ct. 629, 86 L.Ed. 1222. Habeas corpus is available through the federal courts where state criminal proceedings fail to meet the standard of procedural fairness which the Constitution, Fourteenth Amendment, demands of the states. *Peterson v. Henderson*, D.C. Tenn. (1967), 271 F.Supp. 30, 32[10]. The issue is whether, judged by federal standards, the applicant therefor was accorded the minimum guarantees afforded by that document. *McCravy v. Moore*, C.A.6th (1973), 476 F.2d 281, 282.

The respondent-warden will make a return certifying the true cause of the applicant's detention and show any cause why the federal writ of habeas corpus should not

be granted within 43 days herefrom. 28 U.S.C. § 2243. The noticed slow movement of the mail currently provides good cause for the additional time allowed. *Idem.*; Rule 81(a)(2), Federal Rules of Civil Procedure.

## OPINION ON RETURN

The respondent-warden made a return herein, certifying the true cause of the applicant's detention, conceding that the applicant had exhausted the remedies available to him in the state courts, and showed this Court cause why the federal writ of habeas corpus should not issue to him. He made a motion also for the dismissal of this proceeding or, in the alternative, for a summary judgment. Rules 12(b)(6), 56(a)(b), Federal Rules of Civil Procedure; these motions are redundant and pretermitted, because this Court is under the statutory duty to " * * * dispose of the matter as law and justice require." 28 U.S.C. § 2243; *Peyton v. Rowe* (1968), 391 U.S. 54, 66–67, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426, 434.

■ The applicant was not denied his federal right guaranteed him by the Constitution, Sixth Amendment, to the assistance of counsel under any of the claims he now advances. First, he was not deprived of such right by virtue of the refusal of the state trial court to grant his pretrial motion for a continuance of the portion of his trial, which related to the charge that he was an habitual criminal, in *State of Tennessee v. Dewey Scott Frazier*, nos. 10,723–725K in the Criminal Court of Sullivan County, Tennessee, (pursuant to the judgment of which the applicant is incarcerated for life by the respondent-warden).

This was the specific determination of that fact after an evidentiary hearing on the merits thereof in *Dewey Scott Frazier*, petitioner, v. *State of Tennessee*, respondent, case no. 13,685BL in the same Tennes-

see Court, judgment affirmed in *Dewey Scott Frazier*, appellant, v. *State of Tennessee*, appellee, no. 459 (Sullivan County), in the Court of Criminal Appeals of Tennessee, permission to appeal denied March 16, 1981 by the Supreme Court of Tennessee. As such hearing-judge concluded therein, such fact did not implicate a federal constitutional standard; such denial of the requested continuance of said portion of Mr. Frazier's trial related only to Tennessee law and procedure, errors with respect to which are correctable only on appeal from the judgment of conviction. *Manier v. Neil*, D.C.Tenn. (1969), 306 F.Supp. 643, 644[2], appeal dismissed by order of C.A.6th in no. 19,780.

He failed to pursue that alleged error on direct appeal from his judgment of conviction in *Dewey Scott Frazier*, appellant, v. *State of Tennessee*, appellee, no. 459, *supra*, in the Court of Criminal Appeals of Tennessee, which constituted a waiver by the applicant of any error attendant the denial of his requested continuance of such portion of his bifurcated trial. The state hearing judge found factually that the applicant " * * * was adequately, competently, and effectively represented by [certain named attorneys], and that a continuance as to the habitual-crime portion of his trial would have availed [p]etitioner nothing. * * * " This factual determination made by the court of the State of Tennessee of competent jurisdiction is evidenced by a written finding and is " * * * presumed to be correct * * *," as the applicant has not established, it does not otherwise appear, and the respondent has not admitted * that any of the exceptions set-forth in 28 U.S.C. §§ 2254(d)(1)–(8), inclusive, foreclose such presumption.

■ Secondly, Mr. Frazier was not deprived of this same guaranty during his conviction of 5 offenses of burglary in *The*

---

* Although the respondent-warden did admit that, as to all the questions now presented to this Court, the applicant has exhausted his state remedies and the applicant's failure to present this question to those courts on direct appeal from his judgment of conviction was such a failure, *see Ennis v. Le Fevre*, C.A.2d

(1977), 560 F.2d 1072, 1076[2], this is not deemed an admission that any of the contingencies mentioned in such sub-§ s(1)–(8), inclusive, were present so as to permit rebuttal of the presumption of correctness of the findings of the state hearing judge.

16

State v. Dewey Scott Frazier, nos. 2840–2844K, inclusive, in the Criminal Court of Sullivan County, Tennessee on August 10, 1964, upon which, in part, his offense of habitual criminality was based. This was also the specific determination factually after an evidentiary hearing on the merits in Dewey Scott Frazier, petitioner, v. State of Tennessee, respondent, no. 13,865BL, supra, in which the state hearing judge decided factually that the applicant's (then) attorney was present and participating at the imposition of sentences upon the applicant in nos. 2840–2844K, inclusive, supra, (despite Mr. Frazier's sworn testimony directly to the contrary).

Such hearing judge found that, at a similar hearing earlier between the same parties, it had been decided factually that Mr. Frazier's attorney was present and assisting him at that time, and found also that any constitutional error regarding the deprivation of the assistance of counsel at that time was harmless, as Mr. Frazier " * * * received the absolute minimum sentence allowed by law for the crimes to [which] he pled guilty to having committed, and that said sentence was in accordance with the recommendation of [the prosecuting attorney for] the State. The * * * sentence on the five burglary convictions were ordered to run concurrently, based on [the] motion made by Mr. McInturff [,Esq.], the defendant's [here: applicant's] counsel. * * * "

Likewise, this factual determination made by a court of competent jurisdiction of the state of Tennessee is evidenced by a written finding and is " * * * presumed to be correct * * *," as the applicant has not established, it does not appear otherwise, and the respondent has not admitted that any of the exceptions set-forth in 28 U.S.C. §§ 2254(d)(1)–(8), inclusive, preclude such presumption.

■ Thirdly, he was not so denied that guaranteed right when his attorney sought no review by the Supreme Court of Tennessee of the judgment of October 28, 1968 of the Court of Criminal Appeals of Tennessee, affirming the judgment of conviction of the applicant of his burglary in the 3° on Christmas Day, 1966, of a department store.

Documents exhibited by the respondent-warden with his return reflect that Mr. Frazier's (then) attorney advised him by letter of November 7, 1968 of his opinion that any further review judicially of such judgment by the Supreme Court of Tennessee would be unhelpful to him, and Mr. Frazier in his own handwriting advised his attorney by letter of December 26, 1968 that he " * * * took your advise [sic: advice] * * * " as to not seeking such additional review. Accordingly, Mr. Frazier " * * * after consultation with competent counsel * * *, understandably and knowingly forwent the privilege of seeking to vindicate his federal claim * * * [that his judgment of conviction was void] * * * for * * * reasons that can fairly be described as the deliberate bypassing of [available] state procedures * * *." Fay v. Noia (1963), 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837, 869 (headnote 36), see modification of rule in Wainwright v. Sykes (1977), 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594. Whatever else may be said about it, it must be concluded that the failure of Mr. Frazier to seek further review of one of his convictions, which he claimed was "void," was not because he was deprived of his guaranteed federal right to the assistance of counsel.

■ Finally, Mr. Frazier was not denied his guaranteed federal rights to the due process and the equal protection of the law by the use of the state of Tennessee of 11 prior convictions in enhancement of his punishment in nos. 10,723–725K, supra, to imprisonment for life. There is not alleged in this claim grounds for relief which are new or different to those alleged in Frazier v. Lane, D.C.Tenn. (1978), 479 F.Supp. 841, judgment affirmed C.A.6th (1979), 611 F.2d 372 (table), certiorari denied (1980), 444 U.S. 1084, 100 S.Ct. 1042, 62 L.Ed.2d 777. The respondent-warden seeks dismissal of this particular claim under Rule 9(b), 28 U.S.C. fol. § 2254.

The rules laid down in Sanders v. United States (1963), 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, " * * * are not operative in cases where the second or successive application is shown, on the basis of the application, files, and records of the case alone,

conclusively to be without merit. 28 U.S.C. § 2243 * * *. In such a case the application should be denied without a hearing. * * * " *Ibid.,* 373 U.S. at 15, 83 S.Ct. at 1077, 10 L.Ed.2d at 161 (headnote 5). That being the situation here, such claim will be denied without a hearing along with the general denial of relief of Mr. Frazier without such.

Upon consideration of the answer (response), the transcript and record of the state-court proceeding, and after a review of those proceedings and the record to the extent that it has been expanded, this Court hereby determines that an evidentiary hearing is not required herein, and that justice requires that the petitioner Mr. Dewey Scott Frazier be DENIED all relief. Rule 8(a), 28 U.S.C. fol. § 2254; 28 U.S.C. § 2243; Rule 58(1), Federal Rules of Civil Procedure.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal *in forma pauperis,* Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as his application for a certificate of probable cause, Rule 22(b), Federal Rules of Appellate Procedure. As only questions of law are implicated, such certificate will ISSUE. *Idem.*