**Dewey Scott FRAZIER, Petitioner,**

v.

**Jimmy HARRISON, etc., et al., Respondents.**

**No. CIV-2-81-189.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 10, 1981.

On Motion to Dismiss Nov. 18, 1981.

Dewey Scott Frazier, pro se.

John C. Zimmermann, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The petitioner Mr. Dewey Scott Frazier, a person in the custody of the respondent-warden pursuant to the judgment of December 3, 1976 of the Criminal Court of Sullivan County, Tennessee, applied to this Court for the federal writ of habeas corpus, claiming he is in such custody in violation of the Constitution, Fifth, Sixth and Four-teenth Amendments. 28 U.S.C. § 2254(a). He claims he exhausted his available remedies in the courts of Tennessee, by presenting the questions he seeks to present to this Court in *Frazier v. State*, Ct.Cr.App.Tenn. (1977), 566 S.W.2d 545. 28 U.S.C. § 2254(b).

▇ Of the multiple grounds urged by the applicant for relief, two appear to implicate the federal Constitution: Mr. Frazier claims that he was deprived of due process of law because he did not have the benefit in his criminal trial of a panel of impartial indifferent jurors to try him because of news-accounts of his crime in the public media pretrial, *Irvin v. Dowd* (1961), 366 U.S. 717, 722, 81 S.Ct. 1639, 1642[2], 6 L.Ed.2d 751; and, he claims he was denied his enjoyment of the right to have compulsory process for obtaining a witness in his favor, Constitution, Sixth Amendment. The right and duty of a federal district judge in a federal habeas corpus proceeding extend " * * * only to the consideration of federal constitutional questions. * * * " *Gemmel v. Buckhoe*, C.A. 6th (1966), 358 F.2d 338, 341[3], certiorari denied (1966), 385 U.S. 962, 87 S.Ct. 402, 17 L.Ed.2d 306, rehearing denied (1967), 385 U.S. 1021, 87 S.Ct. 723, 17 L.Ed.2d 561.

The Court notices judicially from its records that this is the 3d successive petition for relief by way of federal habeas corpus which Mr. Frazier has requested this Court to entertain. *See: Frazier v. Lane*, D.C. Tenn. (1977), 446 F.Supp. 19, appeal dismissed C.A. 6th, *Dewey Scott Frazier*, petitioner-appellant, v. *Stoney Lane, Warden, etc., et al.*, respondents, order of December 29, 1977 in no. 77–1443; and *Frazier v. Lane*, D.C.Tenn. (1978), 479 F.Supp. 841, judgment affirmed C.A. 6th (1978), 611 F.2d 372 (table), certiorari denied (1980), 444 U.S. 1084, 100 S.Ct. 1042, 62 L.Ed.2d 770. In *Frazier I* the grounds for relief alleged related to the enhancement of the applicant's punishment to life-imprisonment. These same grounds were reiterated in *Frazier II*, and, in addition, the applicant claimed a denial of his guaranteed right of the assist-

ance of counsel, Constitution, Sixth Amendment, in regard to one of the prior convictions utilized to enhance his punishment. *Frazier II* was adjudicated on its merits; the applicant was denied release from custody in both.

■ " * * * When * * * after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a * * * judge of the United States release from custody * * * on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a * * * judge of the United States unless the judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." 28 U.S.C. § 2244(b). " * * * A * * * successive petition may be dismissed * * *, if new or different grounds for relief are alleged, if the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Rule 9, 28 U.S.C. fol. § 2254.

■ " * * * [I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application . . . he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground.' * * * However, * * * it is clear that such conduct will be an abuse of the writ only if due to 'inexcusable neglect,' * * or because of ' "an intentional relinquishment or abandonment of a known right or privilege." ' * * * '[A] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.' * * * [citations omitted.]" *Paprskar v. Estelle*, C.A. 5th (1980), 612 F.2d 1003, 1006, citing *inter alia Sanders v. United States* (1963), 373 U.S. 1, 17, 18, 83 S.Ct. 1068, 1078[16], 10 L.Ed.2d 148. Upon the respondent rests the burden of pleading an abuse of the writ. *Ibid.*, 612 F.2d at 1006, n. 12, again citing *Sanders*, 373 U.S. at 10–11, 83 S.Ct. at 1074–75.

It not appearing plainly at this time from the face of the applicant's petition and the exhibits annexed thereto that Mr. Frazier is not entitled to relief in this Court, the respondent hereby is ORDERED to file an answer or other pleading within 43 days herefrom and show any cause why the writ should not be granted Mr. Frazier. Rule 4, 28 U.S.C. fol. § 2254. The slow movement of the mail, judicially noticed, constitutes good reason for the allowance of the additional time. 28 U.S.C. § 2243; Rule 81(a)(2), Federal Rules of Civil Procedure.

## ON MOTION TO DISMISS

It appearing that the petitioner Mr. Frazier was transferred to the Brushy Mountain, Tennessee state penitentiary, the title hereof hereby is AMENDED so as to reflect that the respondent is: "Warden, Brushy Mountain state penitentiary."

■ The (former) respondent moved for a dismissal of the petition of the applicant on the ground that the applicant abused the federal writ of habeas corpus, by failing to assert in prior applications to this Court the new and different grounds he now presents. Rule 9(b), 28 U.S.C. fol. § 2254. The applicant moved for a summary judgment, Rule 56(a), Federal Rules of Civil Procedure, on the ground that he is entitled to a judgment, granting him the writ, as a matter of law.

Concomitantly with the foregoing motion, the applicant responded to the respondent's motion to dismiss his application. Therein, he claims he has not abused the requested writ with reference to the judgment of conviction imposed upon him by the Criminal Court of Sullivan County, Tennessee on December 3, 1976, and that he was unaware he had available to him his presently-urged grounds for relief when he made earlier applications to this Court for the writ.

Mr. Frazier exhibited with his petition herein a copy of the memorandum of authorities and assignments of error filed on his behalf by his attorney in the Court of Criminal Appeals of Tennessee after his conviction on December 3, 1976. His instant claim, that he was denied his federal

constitutional right to secure a witness in his behalf, appears to this Court's satisfaction to have been incorporated in the 3d assignment of error listed in that brief.[1] His other instant claim, that he was deprived of his federal right to due process of law because he did not have the benefit of impartial jurors at his state trial because of pretrial publicity in the media, appears to this Court's satisfaction to have been incorporated in the 4th assignment of error listed in that brief.[2]

With reference to the first-mentioned of those errors, the Court of Criminal Appeals of Tennessee, *per* Judge Tatum, stated:

\* \* \* \* \* \*

The defendant, in Assignment Three, says that the Court erred in not requiring Echol Head, an alleged accomplice, to testify. The defendant called Mr. Head to the witness stand. He refused to answer any questions, stating that he desired to avail himself of his Fifth Amendment right not to testify. He was at the time awaiting trial for the [same] robbery of the bank. The Trial Judge did not require him to testify. While the action of the Trial Judge in effect denied the defendant of his right to compulsory process as guaranteed under \* \* \* the Sixth Amendment to the Constitution, the Trial Judge ruled properly. When there is a conflict in a defendant's right of compulsory process and a witness's right against self-incrimination, the right against self-incrimination is the stronger and paramount right. *United States v. Johnson*, 488 F.2d 1206 (1st Cir. 1973); *United States v. Wyler*, 487 F.2d 170 (2d Cir. 1973); *United States v. Beye*, 445 F.2d 1037 (9th Cir. 1971); *Holsen v. United States*, 392 F.2d 292 (5th Cir. 1968). This assignment is overruled.

. \* \* \* \* \* \*

*Frazier v. State*, Tenn.Cr.App. (1977), 566 S.W.2d 545, 551[11, 12], certiorari denied by Supreme Court of Tennessee (1978). With respect to the second-mentioned of those errors, Judge Tatum wrote:

\* \* \* \* \* \*

In the fourth assignment of error, the defendant complains of the Trial Court's refusal to grant his motion for a change of venue. In support of his motion, he testified on his own behalf and introduced as exhibits, several newspaper articles from a local newspaper. He also testified that there were numerous accounts of the crime over other news media. No evidence was offered to the effect that the defendant could not receive a fair trial in Sullivan County. More than one-half of the jurors accepted had read or heard nothing about the case. None of them had formed any opinion, and all stated they could base their verdict on the law and the evidence.

The mere exposure of jurors to newspaper publicity is not constitutional error. *Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); *Swain v. State*, 219 Tenn. 145, 407 S.W.2d 452 (1966). The question of change of venue is one within the discretion of the Trial Court. *Miller v. State*, 520 S.W.2d 729, (Tenn.1975); *Lang v. State*, 3 Tenn. Cr.App. 108, 457 S.W.2d 882 (1970). We do not find that the Trial Judge abused his discretion and this assignment is overruled.

\* \* \* \* \* \*

*Ibid.*, 566 S.W.2d at 550. There was disposition by that Court of 12 assignments of error in the aggregate.

The applicant's petition for certiorari in the above-matter was denied on February 13, 1978. Three days afterward, the petitioner applied again to this Court for feder-

---

**1.** That assignment was as follows: "3. The [state trial] Court erred in not requiring Echol Head, an alleged accomplice[,] to testify concerning exculpatory matters when the witness refused to testify by invoking his Fifth Amendment rights."

**2.** That assignment was as follows: "4. The [state trial] Court erred in failing to grant a [m]otion for [c]hange of [v]enue since it was shown that almost all jurors had read material concerning the [d]efendant and when many of the prospective jurors admitted that their judgment would be affected thereby."

al habeas relief. *Frazier v. Lane*, D.C.Tenn. (1978), 479 F.Supp. 841, judgment affirmed C.A. 6th (1978), 611 F.2d 372, certiorari denied (1978), 444 U.S. 1084, 100 S.Ct. 1042, 62 L.Ed.2d 770. Despite the careful attention paid the instant issues by the appellate courts of Tennessee, Mr. Frazier raised at that time only questions relating to the enhancement on December 3, 1976 of his punishment for armed bank-robbery.[3] *Ibid.*, 479 F.Supp. at 842. There was no claim asserted to this Court that he was convicted in 1976 and was in the custody of a Tennessee-warden in violation otherwise of the federal Constitution.

This Court, after examining Mr. Frazier's present petition, believed that he might have in one or more earlier petitions withheld deliberately grounds then available to him. The reasons underlying this belief were delineated in the Court's memorandum opinion and order herein of September 10, 1981, to advise the applicant fully and timely of the prospect of a dismissal of his current petition by this Court on the ground of his abuse of the writ. Therein, the Court noted that the burden rested on the respondent " * * * of pleading an abuse of the writ. *Ibid.* [*Paprskar v. Estelle*, C.A. 5th (1980) ], 612 F.2d [1003], at 1006, n. 12, * * citing *Sanders* [*v. United States* (1963),] 373 U.S. [1] at 10–11 [83 S.Ct. 1068, at 1074–75]. * * * "

The respondent pleaded abuse of process by Mr. Frazier with " * * * clarity and particularity * * *," thereby casting upon the applicant " * * * the burden of answering that allegation and of proving that he has not abused the writ. * * * " *Price v. Johnston* (1948), 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356. So, " * * * the petitioner is obligated to present facts demonstrating that his earlier failure to raise his claims is excusable and does not amount to an abuse of the writ. * * * " *Johnson v. Copinger*, C.A. 4th (1969), 420 F.2d 395, 399[5]. " * * * If * * * his explanation is not such as would excuse his prior failure to

present his claims, the district judge may then summarily dismiss the petition pursuant to 28 U.S.C. § 2244(b).[2]

[2] We do not envision a need for the district judge to hold a hearing in any but the most exceptional cases. We reiterate that summary dismissal for abuse of the writ is proper when the petitioner, having been given an opportunity to satisfy the judge that he has not abused the writ, fails to do so."
*Ibid.*, 420 F.2d at 399–400[6].

In his effort to satisfy this judge that he has not abused the writ herein, Mr. Frazier relied upon these facts:

Petitioner did not know that these grounds were made available to him at the time of filing of the habeas corpus petition. Petitioner had never had a copy of trial transcript or even had an attorney appoint to [sic] him in this Honorable Court. The State Court will not give your petitioner a copy of the prior transcript in which he has a request for [sic]. That is where your petitioner has not intentionally waive [sic] his federal claim or abuse [sic] the writ statute. [As to the] relief now in this Honorable Court petitioner was not aware of these grounds. Petitioner asks this Court how could he have been aware of these grounds for relief when [the Criminal Court of] Sullivan County wont [sic] turn over his Transcript, or any relief papers. Petitioner can only put together as to what he things [sic] has been violated of [sic] his trial [sic]. *Johnson v. Zerbst* 304 U.S. 458, 58 S.Ct. 1013 [1019, 82 L.Ed. 1461] (1939). Petitioner states that if he was aware of the grounds at the time of the filing of the last Habeas Corpus petition that he would have included them in the writ. * * *
Neither a transcript of his trial in the state court nor the appointment of counsel by this Court would have altered the situation for the applicant. As he observed in his motion for a summary judgment, " * * * [t]here is no dispute of any material

---

**3.** This Court stated erroneously therein, *ibid.*, 479 F.Supp. at 842, that "Mr. Frazier appears to have been convicted of safecracking on the foregoing date * * *," when the conviction of

December 3, 1976 had been for armed bank-robbery. (Mr. Frazier had been convicted earlier of safecracking, and had applied to this Court for federal habeas relief.)

fact in this action; are of law not fact. * * * " The questions Mr. Frazier seeks to present to this Court were presented to and decided adversely to him by the appellate courts of Tennessee at a time when he had the assistance of counsel. " * * * [E]lected judges of our state courts are fully competent to decide federal constitutional issues. * * * " *Swain v. Pressley* (1977), 430 U.S. 372, 383, 97 S.Ct. 1224, 1230, 51 L.Ed.2d 411, 421[9]. As to both the legal and factual issues implicated, on direct appeal from Mr. Frazier's judgment of conviction, it is presumed that such determinations by Judge Tatum and his colleagues were correct. 28 U.S.C. § 2254(d).

When Mr. Frazier applied initially to this Court for habeas relief, no lawyer was required for the summary dismissal of his application on June 6, 1977 for his failure to exhaust his available state remedies. *Frazier v. Lane*, D.C.Tenn. (1977), 446 F.Supp. 19. Neither was a lawyer required when *Frazier II* was tried on its merits after such exhaustion. *Frazier v. Lane, supra*, 479 F.Supp. 841. Such discretionary appointments are appropriate only when a judicial officer " * * * determines that the interests of justice so require and such person is financially unable to obtain representation. * * * " 18 U.S.C. § 3006A(g). There was no such determination therein.

■ Furthermore, Mr. Frazier relies on his raising these questions with the appellate courts of Tennessee as the exhaustion as to them of his state remedies. Those tribunals had at the pertinent time (and have) a rule that errors not assigned on appeal are waived. Rule 14(4), Official Rules of the Supreme Court of Tennessee of December 14, 1967, adopted as the Rules of Practice of the Court of Criminal Appeals of Tennessee, July 6, 1967. Thus, a convict in Tennessee must assert all known constitutional claims in a single proceeding.

■ This rule constituted "an orderly procedure" by the courts of Tennessee, as that term was used in *Fay v. Noia* (1963), 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837, 869. Had Mr. Frazier deliberately bypassed such orderly state procedure, by not presenting his federal constitutional questions fairly to the state courts and giving them the first opportunity to correct any errors therein of the trial Court, he would have been denied relief by way of federal habeas corpus on that ground alone. *Murch v. Mottram* (1972), 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194, rehearing denied (1973), 409 U.S. 1119, 93 S.Ct. 894, 34 L.Ed.2d 704. " * * * No prisoner has a right either under the Federal Constitution or under 28 USC § 2241 * * * to insist upon piecemeal collateral attack on a presumptively valid criminal conviction in the face of * * * " such a rule of orderly procedure. *Ibid.*, 409 U.S. at 45–46, 93 S.Ct. at 73–74, 34 L.Ed.2d at 199[4].

With the facts of Mr. Frazier's lack of a state trial-transcript and a lawyer in this Court out of the picture, there remains only his factual contention that he was unaware that " * * * these grounds were *made available* to him. [Emphases supplied here.] * * * " Mr. Frazier's right to be tried by impartial jurors who were indifferent had been "made available" to him at least since the Supreme Court spoke in *Irvin v. Dowd* (1961), 366 U.S. 717, 722, 81 S.Ct. 1639, 1642[2], 6 L.Ed.2d at 751, 15 years before his conviction in 1976. His right to compulsory process for obtaining a witness in his favor in his state trial was "made available" to him 6 years afterward. *Washington v. Texas* (1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019.

No prisoner has been quite as adept in citing respectable authorities to this Court over the past years as has Mr. Dewey Scott Frazier. The Court FINDS definitely that this is not a situation where a " * * * retroactive change in the law * * * " excuses a prisoner's failure to assert grounds in a prior petition. *See* Advisory Committee Note on Rule 9(b), 28 U.S.C. fol. § 2254.

The Court FINDS, in the final analysis, that Mr. Frazier presented the identical questions he would assert here to a state court before filing his earlier federal petitions in this Court, *cf. Johnson v. Copinger, supra*, 420 F.2d at 399[5], so that it is incredible for him to claim now that his

claims here were not known to him at the time of his earlier petitions, *cf. ibid.*, 420 F.2d at 399[3]. For such reasons, his motion for a summary judgment hereby is DENIED, Rule 56(c), Federal Rules of Civil Procedure; the motion of the respondent for a dismissal of this petition, Rule 9(b), *supra*, hereby is GRANTED; and the petitioner hereby is

DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure, on the ground that Mr. Frazier's failure to assert the new grounds herein in prior petitions to this Court constitutes an abuse of the federal writ of habeas corpus.

Should the applicant give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed thereon in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. Because of the necessarily subjective nature of the decision herein, such certificate will ISSUE. *Idem.*